NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR CABALLERO; MIWOK NATION (TRIBE), | No. 20-17356 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00866-KJM-AC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| LAND SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF EL DORADO, DESCRIBED AS FOLLOWS: A PORTION OF THE SOUTHWEST OF SECTION 29, TOWNSHIP 10 NORTH, RANGE 10 EAST, M.D.B.& M.,; et al., | |
| Defendants, | |
| v. | |
| SHINGLE SPRINGS BAND OF MIWOK INDIANS, | |
| Movant-Intervenor. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted October 20, 2021[**]
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,[***] International Trade Judge.

This action under the Quiet Title Act, 28 U.S.C. § 2409a(a), by Cesar Caballero concerns land that the United States holds in trust for the Shingle Springs Band of Miwok Indians (the "Band") and land that the Band owns in fee simple. The district court dismissed the case for lack of subject matter jurisdiction and denied Caballero's motion to amend his complaint. We affirm.

1.      The Quiet Title Act, 28 U.S.C. § 2409a(a), "provide[s] the exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Block v. N.D. ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 286 (1983). The qualified waiver of sovereign immunity in the Act, however, does not apply to trust or restricted Indian lands. 28 U.S.C. § 2409a(a); *see also Wildman v. United States*, 827 F.2d 1306, 1309 (9th Cir. 1987). The district court therefore properly dismissed Caballero's claims about the trust land for lack of subject matter

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

jurisdiction.

2.     The Indian lands exception to the Quiet Title Act did not deny Caballero equal protection of the laws because of his native heritage. The Act prohibits claims against the United States by *any plaintiff* involving Indian lands. *See* 28 U.S.C. § 2409a(a). The Act does not treat Caballero differently than a non-Indian plaintiff. *See Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1220 (9th Cir. 2019).

3.     Caballero's claim to the land held in fee simple by the Band was correctly dismissed as posing a non-justiciable political question, as it was premised on the claim that Caballero's group, the Miwok Nation, should have been recognized instead of the Band as representing the Miwok people. This Court generally refuses to "intrude on the traditionally executive or legislative prerogative of recognizing a tribe's existence." *Price v. State of Haw.*, 764 F.2d 623, 628 (9th Cir. 1985); *see also United States v. Holliday*, 70 U.S. 407, 419 (1865) ("[I]t is the rule of this court to follow the action of the executive and other political departments of the government, whose more special duty it is to determine such affairs. If by them those Indians are recognized as a tribe, this court must do the same."); *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1276 (9th Cir. 2004) ("[T]he action of the federal government in recognizing or failing to recognize a tribe has traditionally been held to be a political one not subject to judicial review."). For the same reason, the district

3

court did not err in declining to allow Caballero to amend his complaint to limit it to the land held in fee simple by the Band.[1]

**AFFIRMED.**

---

[1] The Band's motion to take judicial notice is **GRANTED**.